UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JEFFREY WIENER, derivatively on behalf of EATON VANCE MUNICIPALS TRUST,<br><br>Plaintiff,<br><br>v.<br><br>EATON VANCE DISTRIBUTORS, INC., BENJAMIN C. ESTY, ALLEN R. FREEDMAN, WILLIAM H. PARK, RONALD A. PEARLMAN, HELEN FRAME PETERS, HEIDI L. STEIGER, LYNN A. STOUT, RALPH F. VERNI, and THOMAS FAUST,<br><br>Defendants,<br><br>and<br><br>EATON VANCE MUNICIPALS TRUST,<br><br>Nominal Defendant. | Civil Action No. 10-10515-DPW |

**DEFENDANTS EATON VANCE DISTRIBUTORS, INC.'S AND THOMAS E. FAUST JR.'S MOTION TO DISMISS THE VERIFIED DERIVATIVE COMPLAINT**

Defendants Eaton Vance Distributors, Inc. ("EVD") and Thomas E. Faust Jr. ("Mr. Faust") (collectively, "Defendants") hereby move, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and Rule 7.1 of the Local Rules of this Court, to dismiss plaintiff Jeffrey Weiner's ("Plaintiff") Verified Derivative Complaint ("Complaint") in its entirety and with prejudice.

First, Plaintiff's allegations that payments made by mutual funds pursuant to Rule 12b-1 of the Investment Company Act of 1940 (the "ICA") violate the ICA and the Investment Advisers Act of 1940, as amended ("Advisers Act") because some of the fees paid to broker-dealers who sell Fund shares are calculated as a small percentage of the net asset value of the shares sold by those broker-dealers, are without merit. Nothing in the *Financial Planning Ass'n v. Securities and Exchange Comm'n*, 482 F.3d 481 (D.C. Cir. 2007), upon which case Plaintiff's

Complaint relies, or the Advisers Act, outlaws such payments.

Second, there are no allegations of fact in the Complaint, as opposed to legal conclusions, suggesting that such payments are used to compensate broker-dealers for investment advice such that the broker-dealers would be required to register as investment advisers.  Consequently, the payments discussed in the Complaint are entirely lawful.  In the absence of any violation of the ICA, or any other statute or regulation, the claims against EVD and Mr. Faust, and indeed against all the Trustees, fail to state a claim and should be dismissed with prejudice.

Third, Rule 12b-1 provides a complete defense under ICA Section 38(c) to Plaintiff's claims under ICA Section 47(b), and once this claim is dismissed, the Court should decline to exercise supplemental jurisdiction over the remaining claims.  In any event, Plaintiff's remaining claims fail to state a claim in that: (a) the Complaint does not allege a violation of any of the securities laws and thus the breach of contract claim should be dismissed; and (b) Plaintiff's claims for breach of fiduciary duty and for waste depend on the violation of the Advisers Act, which as set forth above, has not been violated.

Fourth, the claims against Mr. Faust and EVD also must be dismissed for the separate reasons set forth in the Memorandum of Law in Support of the Motion to Dismiss filed by the Independent Trustees ("Trustees' Memorandum"). [1]  As set forth in the Trustees' Memorandum, Plaintiff's effort to pursue these claims derivatively in the Trust's name fails.  The Trustees have considered and rejected, for the sound reasons described in their Memorandum, Plaintiff's demand that the Trust take the action on his claims.

---

[1]     Mr. Faust and EVD adopt and incorporate herein the arguments made in the Memorandum of Law filed by the Independent Trustees: (1) that the decision of the Trustees to reject Plaintiff's demand is a business judgment warranting dismissal of Plaintiff's Complaint by this Court; and (2) that the Complaint fails to state a claim against the Trustees.

Accordingly, and as set forth in further detail in Defendants' supporting memorandum of law and the Declaration of Jeffrey B. Maletta, filed contemporaneously herewith, Plaintiff's Complaint should be dismissed with prejudice.

WHEREFORE, defendants Eaton Vance Distributors, Inc. and Thomas E. Faust Jr. respectfully request that the Court: (1) grant their Motion, dismissing all of plaintiff's claims against Defendants with prejudice; and (2) grant such other relief as the Court deems just and equitable.

### REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(D), Defendants Eaton Vance Distributors, Inc. and Thomas E. Faust Jr. respectfully request oral argument on this motion.

### LOCAL RULE 7.1(A)(2) CERTIFICATION

I, Ryan M. Tosi, certify that pursuant to Local Rule 7.1(A)(2), I have conferred with counsel for plaintiff regarding the issues presented by this motion, but have been unable to reach resolve or narrow the issues raised herein.

|  |  |
|---|---|
|  | /s/ *Ryan M. Tosi* |
| Dated:   June 7, 2010 | Ryan M. Tosi |

        Respectfully submitted,

        EATON VANCE DISTRIBUTORS, INC. and
        THOMAS E. FAUST JR.

        By their attorneys,

        /s/ *Ryan M. Tosi*
        Ryan M. Tosi (BBO #661080)
        **K&L GATES LLP**
        State Street Financial Center
        One Lincoln Street
        Boston, MA  02111-2950
        Tel:  (617) 261-3100
        Fax:  (617) 261-3175

Dated:   June 7, 2010        ryan.tosi@klgates.com

        Charles L. Eisen (admitted *pro hac vice*)
        Jeffrey B. Maletta (admitted *pro hac vice*)
        **K&L GATES LLP**
        1601 K Street, NW
        Washington, DC  20006-1600
        Tel:  (202) 778-9000
        Fax:  (202) 778-9100
        charles.eisen@klgates.com
        jeffrey.maletta@klgates.com

- 5 -

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants, if any, on this 7th day of June 2010.

                                  /s/ *Ryan M. Tosi*
                                  Ryan M. Tosi