UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JEFFREY WIENER, derivatively on behalf of EATON VANCE MUNICIPALS TRUST,<br><br>    Plaintiff,<br><br>v.<br><br>EATON VANCE DISTRIBUTORS, INC., BENJAMIN C. ESTY, ALLEN R. FREEDMAN, WILLIAM H. PARK, RONALD A. PEARLMAN, HELEN FRAME PETERS, HEIDI L. STEIGER, LYNN A. STOUT, RALPH F. VERNI, and THOMAS FAUST,<br><br>    Defendants,<br><br>and<br><br>EATON VANCE MUNICIPALS TRUST,<br><br>    Nominal Defendant. | Civil Action No. 10-10515-DPW |

**DEFENDANTS EATON VANCE DISTRIBUTORS, INC.'S AND THOMAS E. FAUST JR.'S MOTION TO DISMISS THE AMENDED COMPLAINT**

Defendants Eaton Vance Distributors, Inc. ("EVD") and Thomas E. Faust Jr. ("Mr. Faust") hereby move, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and Rule 7.1 of the Local Rules of this Court, to dismiss plaintiff Jeffrey Weiner's Amended Complaint ("Amended Complaint") in its entirety and with prejudice.

Plaintiff's attack on fees paid by mutual funds in accordance with Rule 12b-1 of the Investment Company Act of 1940 ("Investment Company Act" or "ICA") fails for reasons similar to plaintiff's failed attack on 12b-1 fees in *Smith v. Franklin/Templeton Distr. Inc.,* 4:09-cv-4775-PJH, 2010 WL 234844 (N.D. Cal. June 8, 2010). Plaintiff's allegations that the payment of 12b-1 fees to a broker-dealer that is not also registered as an investment adviser pursuant to the Investment Advisers Act of 1940 ("Advisers Act") is illegal is without merit. Rule 12b-1 fees are transaction-based compensation and do not violate the Advisers Act.

Moreover, nothing in the *Financial Planning Ass'n v. Securities and Exchange Comm'n*, 482 F.3d 481 (D.C. Cir. 2007), upon which case plaintiff's Amended Complaint relies, or the Advisers Act, outlaws such payments.  Because plaintiff has failed to allege any unlawful conduct, plaintiff's Amended Complaint should be dismissed in its entirety.  Plaintiff's Amended Complaint also fails for the following additional reasons:

Count I of the Amended Complaint (against EVD) based on § 47(b) of the ICA fails because an alleged violation of the Advisers Act does not render the Trust's Distribution Agreement voidable under § 47(b), which requires a predicate violation of the ICA enforceable by plaintiff.  Further, plaintiff's effort to bootstrap his way to a § 47(b) claim by alleging a supposed "violation" of § 36(a) and Rule 38-1 fails.  Neither § 36(a) nor Rule 38a-1 afford a private right of action or otherwise supply the predicate for a § 47(b) claim in this context.

Count II of the Amended Complaint (against EVD), seeking "contract voiding" and restitution under state law, is preempted because it seeks to impose additional consequences under state law for the supposed illegality of the Distribution Agreement under federal law.  Even if it were not preempted, state law would not pile on additional and potentially inconsistent sanctions based on the supposed illegality of a contract under a federal statute.

Count III of the Amended Complaint, alleging that EVD has breached its contract based on EVD's purported breach of its warranty in its Distribution Agreement with the Trust "that it comply with the federal securities laws," is also preempted.  Plaintiff has simply distorted the contractual language and has failed to identify any provision of the Distribution Agreement that would have been breached by EVD's allegedly illegal conduct.

Counts IV and V of the Amended Complaint, including allegations against Mr. Faust and the other Trustees, both turn on the alleged violation of the Advisers Act: Count IV, for alleged

breach of fiduciary duty in permitting the "unlawful" 12b-1 payments, and Count V, for waste in authorizing the payments.  These claims must be dismissed for the separate reasons set forth in the Memorandum of Law filed by the independent trustees and the Trust in support of their Motion to Dismiss the Amended Complaint ("Trustees' Memorandum").[1]  As set forth in detail in the Trustees' Memorandum, plaintiff's effort to pursue these claims derivatively in the Trust's name fails.  The Trustees have considered and rejected, for the sound reasons described in their Memorandum, plaintiff's demand that the Trust take action on his claims.

Accordingly, and as set forth in further detail in defendants' supporting memorandum of law filed contemporaneously herewith and the Declaration of Jeffrey B. Maletta, previously filed as Docket No. 15, Plaintiff's Amended Complaint should be dismissed with prejudice.

WHEREFORE**,** defendants Eaton Vance Distributors, Inc. and Thomas E. Faust Jr. respectfully request that the Court: (1) grant their Motion, dismissing all of plaintiff's claims against defendants with prejudice; and (2) grant such other relief as the Court deems just and equitable.

### REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(D), defendants Eaton Vance Distributors, Inc. and Thomas E. Faust Jr. respectfully request oral argument on this motion.

---

[1] Mr. Faust and EVD adopt and incorporate herein the arguments made in the Trustees' Memorandum, including: (1) that the decision of the Trustees to reject plaintiff's demand is a business judgment warranting dismissal of plaintiff's Amended Complaint by this Court; and (2) that the Amended Complaint fails to state a claim against the Trustees.

**LOCAL RULE 7.1(A)(2) CERTIFICATION**

    I, Ryan M. Tosi, certify that pursuant to Local Rule 7.1(A)(2), I have conferred with counsel for plaintiff regarding the issues presented by this motion, but have been unable to resolve or narrow the issues raised herein.

Dated:  July 15, 2010

/s/ *Ryan M. Tosi*
Ryan M. Tosi

Respectfully submitted,

EATON VANCE DISTRIBUTORS, INC. and THOMAS E. FAUST JR.

By their attorneys,

/s/ *Ryan M. Tosi*
Ryan M. Tosi (BBO #661080)
**K&L GATES LLP**
State Street Financial Center
One Lincoln Street
Boston, MA  02111-2950
Tel:  (617) 261-3100
Fax:  (617) 261-3175
ryan.tosi@klgates.com

Dated:  July 15, 2010

Charles L. Eisen (admitted *pro hac vice*)
Jeffrey B. Maletta (admitted *pro hac vice*)
Nicholas G. Terris (*pro hac vice* application to be submitted)
**K&L GATES LLP**
1601 K Street, NW
Washington, DC  20006-1600
Tel:  (202) 778-9000
Fax:  (202) 778-9100
charles.eisen@klgates.com
jeffrey.maletta@klgates.com
nicholas.terris@klgates.com

- 5 -

**<u>CERTIFICATE OF SERVICE</u>**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants, if any, on this 15th day of July 2010.

                                            /s/ *Ryan M. Tosi*
                                            Ryan M. Tosi